UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THEODORE BRISCOE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-00255-WTL-MJD |
| ) | |
| KIMBERLY SEXTON Trial Prosecutor for the ) | |
| State of Indiana, ) | |
| INDPLS METRO. POLICE DEPT., ) | |
| ARNOLD BARATZ Trial Attorney, ) | |
| HAGENMAIER Trial Judge, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion to Proceed *in forma pauperis*, Motion to Appoint Counsel, Discussing Complaint, and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 2, is **denied** as presented. He shall have until **February 26, 2018**, in which to renew his motion to proceed *in forma pauperis* by attaching a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on January 29, 2018. *See* 42 U.S.C. § 1915(a)(2). Otherwise, the plaintiff must pay the $400.00 filing fee.

**II.**

The plaintiff's motion for assistance with recruiting counsel, Dkt. No. 3, is **denied as premature.** The filing fee has not been paid, the complaint has not been screened, and the defendants have not been served. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

**III.**

The plaintiff is a prisoner currently incarcerated at the Pendleton Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this complaint pursuant to 42 U.S.C. § 1983 alleging that he was arrested under false pretenses for fleeing and carrying a handgun. He goes on to state that the lawyers and judges in charge of the criminal case based on these charges deprived him of a fair trial. He sues prosecutor Kimberly Sexton, attorney Arnold Baratz, Judge Hagenmaier, and the Indianapolis Metropolitan Police Department. He seeks immediate release, monetary damages, and sanctions against the defendants.

Based on the screening described above, the complaint must be **dismissed**. First, any claim against Judge Hagenmaier must be dismissed because the judge is entitled to immunity for actions taken in the state case, even if the plaintiff believed he acted improperly. *See Stump v.*

*Sparkman*, 435 U.S. 349, 359 (1978) (judicial immunity). Next, prosecutor Kimberly Sexton also has immunity for actions taken in the court of prosecuting the case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). In addition, defendant Arnold Baretz, identified as the plaintiff's "appointed counsel" did not act under color of state law when representing the plaintiff in the criminal proceeding, even if paid by public funds. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981)(public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law). Because there was no action "under color of state law" when the defendant represented the plaintiff in an Indiana state court, there is no viable claim for relief pursuant to § 1983. Finally, the Indianapolis Police Department is not a "person" subject to suit under 42 U.S.C. § 1983. *Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind. 1988) (*citing Boren By & Through Boren v. City of Colorado Springs*, 624 F. Supp. 474 (D. Colo. 1985)). In Indiana, municipal police departments "are not suable entities." *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Any claims against the Indianapolis Metropolitan Police Department are therefore dismissed.

The Court also notes that the plaintiff is challenging actions that led to his conviction in an Indiana state court. But, as long as his conviction stands, he cannot bring these claims because success on these claims would imply that his conviction is invalid. *See Heck v. Humphrey,* 512 U.S. 477 (1994)); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007) ("*Heck* . . . holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon.").

## IV.

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through February 26, 2018,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

*[signature: William T Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 1/31/18

Distribution:

THEODORE BRISCOE, JR.
980988
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168